# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LESLIE AHULUWALIA, | |
|                      Plaintiff, | Cause No. 1:09-cv-01426-TWP-MJD |
| vs. | |
| HAMILTON CROSSING ANIMAL HOSPITAL, P.C., | |
|                      Defendant. | |

## ENTRY ON OUSTANDING MOTIONS *in Limine*

This matter is before the Court on Plaintiff Leslie Ahuluwalia's (hereinafter "Plaintiff") Motions *in Limine* [Dkt. 87 and Dkt. 88] and Defendant Hamilton Crossing Animal Hospital, P.C.'s (hereinafter "Defendant") Motions *in Limine* [Dkts. 100 and 101]. The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

For the reasons stated below, Plaintiff's Motion *in Limine* [Dkt. 87] is **DENIED**, and Plaintiff's Motion *in Limine* [Dkt. 88] is **GRANTED**. Defendant's Motions *in Limine* [Dkts. 100 and 101] are **DENIED**.

1. **PLAINTIFF'S MOTION *in Limine* TO EXCLUDE FINANCIAL EVIDENCE CONCERNING ALLEGATIONS NOT RELATED TO TRUTHFULLNESS**

Pursuant to Federal Rules of Evidence 401, 403, 404(a)(3) and 609(a), Plaintiff's Motion *in Limine* [Dkt. 87] seeks to exclude evidence relating to employment allegations not related to truthfulness of witness' Carol Yunker, but instead regarding improper conduct with personnel files and extended absence due to an illness. Defendant responds by contending that the granting of the present Motion would deprive Defendant of its ability to cross examine the witnesses and/or impeach their testimony. Further, Defendant asserts that the testimony Defendant seeks to elicit involves only 'uncomfortable health and financial information' and this testimony relates to motive, credibility, and potential impeachment.

The Court declines to grant a general prohibition without first examining the context in which the evidence or testimony will be presented. It is well settled that attacking a witness' character for truthfulness may be permitted on cross-examination, and that prior acts may be offered to demonstrate motive. Plaintiff will have ample opportunity to object if relevancy or prejudice present themselves as issues. Ultimately, courts exclude evidence on a motion *in limine only if* the evidence clearly is not admissible for any purpose, it seems premature to do so here. *See Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Accordingly, Plaintiff's Motion *in Limine* [Dkt. 87] is **DENIED**.

2. **PLAINTIFF'S MOTION *in Limine* TO BAR FINANCIAL EVIDENCE NOT RELATING TO WAGE LOSS OR OTHER COMPENSATORY DAMAGES**

Plaintiff's first Motion *in Limine* [Dkt. 88] seeks to exclude certain financial evidence unrelated to the subject of this lawsuit. Specifically, Plaintiff seeks to preclude Defendant from presenting evidence, documents, or testimony of Plaintiff's personal and family finances that are unrelated to Plaintiff's employment, lost wages or any other issues in this case.

Plaintiff seeks exclusion of this evidence pursuant to Federal Rules of Evidence 401, 402, and 403, challenging both its relevancy and asserting its prejudicial effect. Defendant did not object to the present Motion, and the Court agrees with Plaintiff that evidence relating to Plaintiff's personal finances unrelated to the subjects of the present lawsuit, is not relevant and would be unfairly prejudicial. According, Plaintiff's Motion *in Limine* [Dkt. 88] is **GRANTED**.

3.  **DEFENDANT'S MOTION *in Limine* TO EXCLUDE PRIOR BAD ACTS**

Defendant's first Motion *in Limine* [Dkt. 100] seeks to exclude evidence relating to prior bad acts of Defendant or employees of Defendant, including but not limited to, discrimination, hostile work environment, sexual harassment, and poor working conditions in accordance with Federal Rules of Evidence 404(b).

The Seventh Circuit evaluates the admissibility of prior bad acts under a four part test. The evidence must be relevant to an issue other than the defendant's propensity to commit the crime charged, the other act must be similar enough and close enough in time to be relevant, there must be sufficient evidence that the defendant committed the similar act, and the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *U.S. v. Hurn*, 496 F.3d 784, 787 (7th Cir. 2007); s*ee United States v. Puckett,* 405 F.3d 589, 596 (7th Cir. 2005). Further, under Fed.R.Evid. 404(b) other-acts evidence can be relevant to prove motive or intent in a discrimination or retaliation case. *Bledsoe v. Potter*, 2006 WL 2883041, at *3 (7th Cir. 2006) (unpublished opinion). Because the evidence of the alleged discrimination is contextual, the Court declines to institute a preemptive bar to admissibility. Therefore, Defendant's Motion *in Limine* [Dkt. 101] is **DENIED**.

### 4. DEFENDANT'S MOTION *in Limine* TO EXCLUDE EQUAL PAY ACT

Defendant's final Motion *in Limine* seeks to exclude evidence relating to Plaintiff's Equal Pay Act claims [Dkt. 101]. Defendant's Motion relates to the potential testimony of Plaintiff's alleged entitlement to recover under the Equal Pay Act – a part of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"). 29 U.S.C. § 206(d); *Fyfe v. City of Fort Wayne*, 241 F.3d 597, 600 (7th Cir. 2001) (the Equal Pay Act is an amendment to the Fair Labor Standards Act). As Plaintiff's Equal Pay Act claims have been disposed of by an Order granting Partial Dismissal [Dkt. 91], Defendant asserts that any evidence submitted to the jury relating to Plaintiff's Equal Pay claims is improper and would serve to confuse and prejudice the jury. Plaintiff counters by directing the Court to the Second Amended Complaint, which states a claim for retaliation under both the Title VII *and* the Equal Pay Act. Plaintiff argues that this fact necessitates the discussion of her claims under the Equal Pay Act.

As the Plaintiff stated in her Response, FLSA prohibits "any person" from discharging or discriminating against an employee because the employee "has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3) (emphasis added). The Supreme Court recently spoke on the issue of informal complaints, and found that the anti-retaliation provision of the Fair Labor Standards Act (FLSA) protects oral as well as written complaints of a violation of the Act. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011). The *Kasten* Court further found that a complaint is "filed" when "a reasonable, objective person would have understood the employee" to have "put the employer on notice that [the] employee is asserting statutory rights under the [Act]." *Id*. Therefore, examination of evidence relating to Plaintiff's informal complaint is seemingly relevant. The Defendant will have the opportunity to object, and the Court will address any

potential prejudicial impact upon Defendant's objection. There Court therefore, **DENIES** Defendant's Motion *in Limine* [Dkt. 101].

**IT IS THEREFORE ORDERED**.

Date: 05/13/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Amy Ficklin DeBrota
THE DEBROTA LAW FIRM LLC
amy@debrotalaw.com

Thomas B. O'Farrell
MCCLURE & O'FARRELL, P.C.
ecf@mcclureofarrell.net